# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0625V
UNPUBLISHED

| | |
|---|---|
| KATHERINE SHOEMAKER,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: October 17, 2022<br><br>Special Processing Unit (SPU);<br>Attorney's Fees and Costs;<br>Reasonable Basis; Influenza (Flu)<br>Vaccine; Shoulder Injury Related to<br>Vaccine Administration (SIRVA) |

*David A. Kulwicki, Mishkind Kulwicki Law CO LPA, Cleveland, OH, for Petitioner.*

*Christine Mary Becer, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On May 20, 2020, Katherine Shoemaker filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a right shoulder injury related to vaccine administration ("SIRVA") caused-in-fact by the influenza ("flu") vaccine she received on September 24, 2018. Petition at ¶¶ 2-3. The case was assigned to the "Special Processing Unit" (the "SPU").

After determining that Petitioner had failed to provide sufficient evidence to support her claim and allowing her the opportunity to correct this deficiency, I dismissed the claim.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all Section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Decision, issued Jan. 18, 2022, ECF No. 25. On May 23, 2022, the Court denied Petitioner's motion for review and sustained my decision. ECF No. 29. Judgment entered that same day. ECF No. 30.

On July 12, 2022, Petitioner filed a motion seeking a total of $14,778.36 in attorney's fees and costs. Petitioner's Final Motion for Attorney Fees and Costs ("Motion"), ECF No. 33. In response to my order, he provided receipts to support some of the costs sought in his motion, indicating that he was reducing the claimed costs to an amount matching the provided receipts – from $718.36 to $585.78. ECF No. 35. Respondent opposes a fee award, maintaining that Petitioner failed to establish a reasonable basis for her claim. Respondent's Opposition to Motion ("Opp."), filed July 26, 2022, ECF No. 36. On July 27, 2022, Petitioner responded to Respondent's arguments. Petitioner's Reply in Support of Motion ("Reply"), ECF No. 37.

For the reasons discussed below, I find there was a reasonable basis for Petitioner's claim, and she is otherwise entitled to a fees award despite the dismissal of her claim. However, I have reviewed the submitted billing records and find a slight reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## I.   The Parties' Arguments

Respondent argues that Petitioner is not entitled to an award of fees and costs because she "has failed to establish a reasonable basis for her claim." Opp. at 1. Emphasizing the ten-month delay in treatment, and thus the lack of contemporaneously created medical records, he insists "it is reasonable to assume that [P]etitioner did not have shoulder pain within forty-eight hours of her vaccination or that her vaccine caused any alleged shoulder injury." *Id.* at 4-5.

In response, Petitioner maintains that she had a reasonable basis to bring her claim. Reply at 1. Stressing Congress's intent and the lower standard required for reasonable basis, she insists that the evidence she provided showing she received the flu vaccine as alleged and consistently attributed her injury to the vaccination is sufficient. *Id.* at 1-2, 5.

## II.   Reasonable Basis

### A.   Legal Standard

Motivated by a desire to ensure that petitioners have adequate assistance from counsel when pursuing their claims, Congress determined that attorneys' fees and costs may be awarded even in unsuccessful claims. H.R. REP. NO. 99-908, at 22 *reprinted in*

2

1986 U.S.C.C.A.N. 6344, 6363; *see also Sebelius v. Cloer*, 133 S.Ct. 1886, 1895 (2013) (discussing this goal when determining that attorneys' fees and costs may be awarded even when the petition was untimely filed). As Judge Lettow noted in *Davis*, "the Vaccine Program employs a liberal fee-shifting scheme." *Davis v. Sec'y of Health & Hum. Servs.*, 105 Fed. Cl. 627, 634 (2012). It may be the only federal fee-shifting statute that permits unsuccessful litigants to recover fees and costs.

However, Congress did not intend that *every* losing petition be automatically entitled to attorney's fees. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994). And there is also a prerequisite to even obtaining fees in an unsuccessful case. The special master or court may award attorney's fees and costs in a case in which compensation was not awarded only if "that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). Reasonable basis is a prerequisite to a fee award for unsuccessful cases – but establishing it does not automatically *require* an award, as special masters are still empowered by the Act to deny or limit fees. *James-Cornelius on behalf of E. J. v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1379 (Fed. Cir. 2021) ("even when these two requirements are satisfied, a special master retains discretion to grant or deny attorneys' fees").

As the Federal Circuit explained, whether a discretionary fees award is appropriate involves two distinct inquiries – a subjective one when assessing whether the petition was brought in good faith and an objective one when ascertaining whether reasonable basis existed. *Simmons v. Sec'y of Health & Hum. Servs.,* 875 F.3d 632, 635 (quoting *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 289 (2014)). "Good faith is a subjective test, satisfied through subjective evidence." *Cottingham v. Sec'y of Health & Hum. Servs.,* 971 F.3d 1337, 1344 (Fed. Cir. 2020) ("*Cottingham I*"). "[T]he 'good faith' requirement . . . focuses upon whether petitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-0544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).

Cases in which good faith has been found to be lacking often involve petitioners who failed to produce or actively concealed evidence undermining their claims. *Purnell-Reid v. Sec'y of Health & Hum. Servs.,* No. 18-1101V, 2020 WL 2203712 (Fed. Cl. Spec. Mstr. Apr. 6, 2020); *Crowding v. Sec'y of Health & Hum. Servs.,* No. 16-0876V, 2019 WL 1332797 (Fed. Cl. Spec. Mstr. Feb. 26, 2019); *Heath v. Sec'y of Health & Hum. Servs.*, No. 08-0086V, 2011 WL 4433646 (Fed. Cl. Spec. Mstr. Aug. 25, 2011); *Carter v. Sec'y of Health & Hum. Servs.*, No. 90-3659V, 1996 WL 402033 (Fed. Cl. Spec. Mstr. July 3, 1996).

"Additionally, a petitioner's attorney's conduct may also be relevant when evaluating good faith." *Purnell-Reid*, 2020 WL 2203712, at *6. "Counsel still have a duty to investigate a Program claim even if they reasonably find their client to be a credible individual." *Cortez v. Sec'y of Health & Hum. Servs.*, No. 09-0176V, 2014 WL 1604002, at *8 (Fed. Cl. Spec. Mstr. Mar. 26, 2014). Factors, such as a looming statute of limitations and the conduct of counsel, are properly considered when determining whether good faith exists – but *do not bear* on the claim's objective basis. *Simmons*, 875 F.3d at 636; *Amankwaa v. Sec'y of Health & Hum. Servs.*, 138 Fed. Cl. 282, 289 (2018) ("the effort that an attorney makes to investigate a claim or to ensure that a claim is asserted before the expiration of the statutory limitations period . . . are properly evaluated in determining whether a petition was brought in good faith").

"Reasonable basis, on the other hand, is an objective test, satisfied through objective evidence." *Cottingham I,* 971 F.3d at 1344. The reasonable basis requirement examines "not at the likelihood of success [of a claim] but more to the feasibility of the claim." *Turner*, 2007 WL 4410030, at *6 (quoting *Di Roma v. Sec'y of Health & Hum. Servs.,* No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993)). The Federal Circuit recently explained "that a reasonable basis analysis is limited to objective evidence, and that subjective considerations, such as counsel's subjective views on the adequacy of a complaint, do not factor into a reasonable basis determination." *James-Cornelius*, 984 F.3d at 1379.

Although clearly easier to meet than the preponderant standard required for compensation, "courts have struggled with the nature and quantum of evidence necessary to establish a reasonable basis." *Wirtshafter v. Sec'y of Health & Hum. Servs.,* 155 Fed. Cl. 665 at 671 (Fed. Cl. 2021). "[I]t is generally accepted that 'a petitioner must furnish *some evidence* in support of the claim.'" *Id.* (quoting *Chuisano,* 116 Fed. Cl. at 288, emphasis added in *Wirtshafter*). Citing the *prima facie* elements of a successful claim described in Section 11(c)(1), the Federal Circuit recently instructed that the level of the objective evidence sufficient for a special master to find reasonable basis should be "more than a mere scintilla but less than a preponderance of proof." *Cottingham I*, 971 F.3d at 1345-46. "This formulation does not appear to define reasonable basis so much as set its outer bounds." *Cottingham v. Sec'y of Health & Hum. Servs.,* 159 Fed. Cl. 328, 333, (Fed. Cl. 2022) (*"Cottingham II")*. "[T]he Federal Circuit's statement that a special master 'could' find reasonable basis based upon more than a mere scintilla does not mandate such a finding." *Cottingham II*, 159 Fed. Cl. at 333 (citing *Cottingham I*, 971 F.3d at 1346).

Furthermore, the issue of reasonable basis is not a static inquiry. The reasonable basis which existed when a claim was filed may cease to exist as further evidence is presented. *Perreira*, 33 F.3d at 1377. In *Perreira,* the Federal Circuit affirmed a special master's determination that reasonable basis was lost after Petitioner's "expert opinion,

4

which formed the basis of the claim, was found to be unsupported by either medical literature or studies." *Id.* at 1376.

### B. Existence of Reasonable Basis

I previously determined that the evidence in this case did not support Petitioner's allegation of shoulder pain beginning within 48 hours of vaccination, or that the injury was caused-in-fact by the flu vaccine she received on September 24, 2018. *Shoemaker v. Sec'y of Health & Hum. Servs.,* No. 20-0625V, 2022 WL 2288698, at *1, 4 (Fed. Cl. Spec. Mstr. Jan. 18, 2022) (also found at ECF No. 25). Specifically, Petitioner failed to provide evidence to counter the inferences derived from her ten-month delay in seeking treatment, or to show her condition during that time. *Id.* at *3.

Nevertheless, there is *some* objective evidence supporting Petitioner's allegations. Petitioner provided medical records establishing she received the flu vaccine on September 24, 2018, as alleged, although the site of vaccination is not indicated. *See Shoemaker,* 2022 WL 2288698, at *2. She then sought treatment for right shoulder pain which she believed was due to this vaccination in July 2019. Although undercut by other proof, she articulated a reasonable explanation for the ten-month delay in seeking treatment – the fact that she was away at nursing school, lacked medical insurance, and was unable to see her former pediatrician due to her age. *See id.* at *1. And the timing of her first report of shoulder pain – during the summer break in July 2019 - supports this reasoning.

Although Petitioner's evidentiary basis is hardly robust, the minimal evidence she has provided constitutes the level of proof required to establish reasonable basis – a standard far lower than the preponderance of evidence standard needed to meet the Vaccine Act's requirements for compensation. I thus find that Petitioner had a reasonable basis to file her petition in this case – and also to seek appeal, even though the appeal was also unsuccessful. And there is no other basis for a denial of fees, despite the claim's lack of success. Therefore, the only remaining question is the appropriate amount of the attorney's fees and costs to be awarded.

### III. Appropriate Amount to be Awarded

### A. Legal Standard

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.,* 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee

5

requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

### B.     Attorney's Fees

#### 1.     Hourly Rates

Petitioner requests the following rates of compensation: David A. Kulwicki, Esq. at $400/hour; Leslie Klausner, R.N. at $135/hour; and a legal assistant at $35/hour. Motion at 4. Mr. Kulwicki is an attorney with more than 30 years of overall experience, but only limited experience in the Program.[3] Despite the questionable quality of his work in this case, given his overall experience, he has requested a modest hourly rate that can be adopted herein. Similarly, based upon her credentials as a registered nurse, Ms. Klausner's rate is reasonable.

Although administrative work is generally considered overhead and not compensated under the Program,[4] a review of the billing records reveals that the legal assistant's time was spent accomplishing tasks usually performed by paralegals and thus, compensated in vaccine cases. And Petitioner has requested a lower rate consistent with this individual's training and experience. Thus, I also find the hourly rate requested for the legal assistant's work to be reasonable.

#### 2.     Hours Billed

The billing records offered in association with the fee request include entries that reflect excessive hours, paralegal work billed at Mr. Kulwicki's attorney rate, time billed

---

[3] Since 2017, Mr. Kulwicki has been attorney of record in three vaccine cases, including the present case.

[4] It is clearly established that secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Hum. Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). However, an examination of the billing records reveals that most of the work performed by the legal assistant in this case

6

for research, and overly broad entries describing multiple and differing tasks. The Vaccine Act provides broad discretion to special masters in determining a reasonable amount of fees and costs. *See* Section 15(e)(1). While Petitioner is entitled to an award of attorney's fees, I find some adjustments to the hours billed are needed.

Previously, the fees paid to petitioners have been reduced due to excessive and duplicative billing. *See,* e.g.*, Frimpong v. Sec'y of Health & Hum. Servs.,* No. 20-1373V, 2022 WL 2800866 (Fed. Cl. Spec. Mstr. June 15, 2022) (specific entries reduced); *Raymo v. Sec'y of Health & Hum. Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). Additionally, "[t]asks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Human Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). Moreover, "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No. 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). "An inexperienced attorney may not ethically bill his client to learn about an area of law in which he is unfamiliar.  If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task." *Carter v. Sec'y of Health & Human Servs.*, No. 04-1500V, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007).

Many of the entries related to work performed by the legal assistant show excessive time - for example, 0.25 hours to file simple documents on 2/10/21; 2/16/22; and 7/1/22. Motion at 6.[5] However, given the lower hourly rate for this individual, I will allow this amount of time.

There are two instances of excessive billing by Mr. Kulwicki which require reductions, however. On June 8, 2020, he spent 0.25 hours to review the 3-page SPU initial order which provides basic instruction for SPU cases. Motion at 5. This amount will be reduced to 0.1 hours – a subtraction of 0.15 hours. And on February 10, 2021, he billed 2.25 hours to prepare and file two exhibits – a three-page affidavit filed as Exhibit 9 and 18 pages of medical records filed as Exhibit 10, and to communicate with Petitioner and an OSM staff attorney. I find 0.75 hours is sufficient to prepare and file these

---

[5] Petitioner also filed the billing records found on pages 5-6 of the motion as a third attachment, labeled Exhibit 1. ECF No. 33-2. I will cite to the first appearance of these billing records on pages 5-6 of the motion.

documents and will allow 1.0 hour for the listed communications. These reductions total **$260.00.**[6]

Additionally, the 0.75 hours Mr. Kulwicki spent preparing and filing the two exhibits on February 10, 2021, will be paid at a reasonable paralegal rate. A similar reduction will be applied to the following entries: 0.1 hours on May 21, 2020; 0.25 hours on June 2, 2021; and 0.25 hours on September 9, 2021. Paralegal rates of $145 for 2020 and $150 for 2021 will be used. Thus, a further reduction of **$338.00**[7] will be applied.

The last reduction is for time spent researching basic Program information. Petitioner seeks attorney's fees for 1.25 hours Mr. Kulwicki expended on June 3, 2020, researching the requirements for documenting which arm was involved, communicating with Petitioner, and preparing her affidavit. Motion at 5. I will reduce this time by the amount reasonably spent on this research – 0.25 hours. Mr. Kulwicki also billed 5.0 hours to review the dismissal decision, including legal citations, perform research, review appellate practice rules, and email Petitioner. *Id.* at 6. I will pay the portion of this time likely expended to perform case specific research and review and to communicate with Petitioner. However, I will subtract 2.0 hours of this time likely expended researching caselaw and rules related to basic Program requirements - resulting in a reduction of **$800.00.**[8]

### C.    Attorney Costs[9]

Petitioner originally requested reimbursement in the amount of $718.36 for attorney's costs in this case. Motion at 8; First Attachment to Motion at 1, 4, 7.[10] After being ordered to provide receipts to support the listed costs, she filed receipts for $585.78 of these costs and reduced the amount sought accordingly.

Petitioner has provided sufficient documentation to support the revised amount of costs - $585.78. I will award that full amount.

---

[6] 0.15 hours + 0.50 hours = .65 hours x $400 = $260.00.

[7] 0.1 hours x $255 + 1.25 x $250 = $338.00.

[8] 2.0 hours x $400 = $800.00.

[9] Petitioner's counsel confirmed by email correspondence that Petitioner had paid no out-of-pocket litigation costs. *See* Informal Remarked, dated Oct. 17, 2022.

[10] Petitioner also filed the list of expenses found on page 7 of the motion as a third attachment, labeled Exhibit 2. ECF No. 33-3. I will cite to the first appearance of this list of expenses on page 7 of the motion.

## Conclusion

I have determined that an award of reasonable attorney's fees and costs is appropriate in this case even though compensation was not awarded. Section 15(e)(1). However, reductions of $1,398.00 in attorney's fees is warranted. Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$13,247.78** (representing $12,662.00[11] in fees and $585.78 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel.

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[12]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[11] This amount reflects the total requested attorney's fees minus the reductions listed in this Decision: $14,060 - $260 - $338 - $800 = $12,662.00.

[12] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.